## EX PARTE W. H. CAMPBELL.

On the 3d day of October, 1864, applicant petitioned for the writ of Habeas Corpus, alleging that he was illegally restrained in his liberty by J. J. Pickett, Enrolling Officer for Washington County. On same day writ issued and executed. On the 5th of October return made, in which respondent says that he restrained the applicant as a conscript, liable to military service. On the trial the following evidence was introduced: a certificate that applicant was elected Constable, on the 1st day of August, 1864, and had given bond and duly qualified; a certificate of said enrolling officer, dated Aug. 11th, 1864, that applicant had produced satisfactory evidence that he is a Constable for Washington County, and on that account he is not liable to conscription; a certificate, signed by the Board of Examining Surgeons, 2d Congressional District, that applicant having filed with the Board, an affidavit that he is physically unable to perform military duty, they, on the 6th day of May, 1864, re-examined the applicant, and found him unfit for field service, but qualified to superintend the duties of wagon-making in Q. M. D., and giving the name, residence and description of the applicant: on this certificate was endorsed, " Re-examined, and former action of the Board confirmed,"—signed by the same Board— also, " Re-approved, Sept. 21, 1864," signed by same enrolling officer; the name of applicant was on the books, under the following caption, " Names of

persons re-examined by the Medical Board, May 6th, 1864, who compose the Board, Drs. R. S. Wiley, J. H Herndon, J. T. Moore," with the entries contained in the above certificate opposite his name. *Held*, that the facts in this case raise the presumption, that applicant was regularly and legally enrolled as a conscript, previous to his election : and that applicant, at time of his election, and at the time of his application for the writ, was subject to the orders of the military authorities.

The case of ex parte W. A. Winnard, page 20, cited and affirmed.

The liability of a party to perform military service being once fixed by his enrollment, such liability is not removed by his subsequent election to the office of Constable.

Appeal from Washington. Tried below, before the Hon. JAMES E. SHEPARD.

*J. D. Giddings*, for appellant.

*Attorney General*, for appellee.

ROBERTS, C. J., delivered the opinion of the Court.

Judgment affirmed.