THE VELOX, her Tackle, etc., *ads.* WOSKE and others.

SAME *ads.* WILKINS and others.

*In re* Petition of RAYMOND and others *v.* The Proceeds of THE VELOX.

(*District Court, S. D. New York.* August 2, 1884.)

1. **MARITIME LIENS—WAGES—TRAVELING EXPENSES—STEVEDORE'S SERVICES AND SHIP'S NECESSARIES—ORDER OF PRIORITY.**

   Seamen having shipped at Japan upon a Dutch vessel for a voyage to New York and back, and the voyage being broken up by a sale of the vessel in New York, *held,* that the liens of the master and seamen were regulated by the Code of the Netherlands, and that they were entitled, under the fifth rank of privilege, to priority out of the proceeds of the ship for the payment of their wages and "double advance" over liens for supplies and stevedore's services furnished in New York, which come under the sixth rank as ship's necessaries. Traveling expenses were disallowed under the proofs.

2. **SAME—DUTCH CODE—SHIP AND FREIGHT DISTINGUISHED.**

   The freight being also attached, and no express order of privilege on freight being established by the Dutch Code, *held,* under the equities of this case, that the freight should be shared *pro rata* by the ship-chandler and stevedore, and by the master and seamen for the residue of their claims not paid from the proceeds of the ship.

In Admiralty.

*Jas. K. Hill, Wing & Shoudy,* for libelants, Woske and others.

*Sidney Chubb,* for libelants, Braker and others.

BROWN, J. The proceeds of the ship and freight being insufficient to satisfy all the liens, the respective claims must be discharged according to the priorities prescribed by the Commercial Code of the Netherlands, as the law of the country to which the ship belongs. Section 313 of that Code prescribes the order of paying liens "out of the proceeds of sea-going ships." This section does not, however, in terms include freight. By the general maritime law the freight is liable for wages and other charges incurred in earning it. Section 451 of the same Code declares the ship and freight specially liable for wages; but I have not been referred to any section of the Code which necessitates the same order of privilege upon the freight as upon the ship. The stevedore's services are as essential to the earning of freight as the seaman's previous services, and the former has an equal equity, therefore, with the latter. In the absence of any

express provision subordinating the former to the latter, I feel justified in placing them both upon the same level. The same, also, as respects the ship-chandler's supplies, which were mostly for provisions for the support of the officers and crew. The proceeds of the ship itself must be distributed as provided by section 313. To the second and third order of privilege under that section belong "port charges, and guard, keeper, and porter's wages." These will include the small charges for watchman, consul's fee, and towing, amounting together to $32, which must, therefore, be paid in full. The stevedore's and the ship-chandler's claims, although arising in port, are not port charges, within the meaning of subdivision 2, but fall under subdivision 6, as "ship's necessaries." They are, therefore, subsequent in the order of privilege to the wages of the master and crew, which are entitled to priority under the fifth subdivision.

The sums in the registry of the court applicable to the payment of all the claims with costs are $1,040.66, as proceeds of the ship, and $525.80 as freight money, which was also attached in the cause. The costs and charges of the clerk, commissioner, and proctors in all the proceedings amount to $196.85. The two funds should be kept distinct, and the costs and charges apportioned to each *pro rata*, as no grounds of a different division appear. After deducting from each its proportion of the costs, what remains of the proceeds of the ship must be applied, first, to the payment of the three items amounting to $32, above referred to, which are prior in order of privilege; and next to the payment of the wages of the master and crew, including $368, the double advance due to the crew, "as wages," under sections 411 and 412. The sum of $900, estimated traveling expenses of return to Japan, I disallow. The proceeds of the ship, being insufficient to pay these wages, are to be divided among them *pro rata*, so far as the proceeds of the ship will go. What remains thereafter unpaid is entitled to come in concourse with the claims of the stevedore and the ship-chandler against the residue of the freight money, after deducting its proportion of costs. For the deficiency of the claims of the stevedore and ship-chandler, after the *pro rata* distribution of the freight, although the master would seem to be liable, yet, as he has not been sued *in personam*, no judgment or relief against him can be ordered in these proceedings.

Decrees may be entered in accordance herewith.

See *The Senator*, 21 FED. REP. 191; *The E. A. Barnard*, 2 FED. REP. 712; *The Windermere*, Id. 722, 727; *Gilbert Hubbard & Co.* v. *Roach*, Id. 394; and *The Canada*, 7 FED. REP. 119; *The Ole Oleson*, 20 FED. REP. 384; *The Hattie M. Bain*, Id. 389; *The J. W. Tucker*, Id. 129.—[ED.