## THE J. L. PENDERGAST.[1]

### CHISHOLM v. THE J. L. PENDERGAST, etc.

*(District Court, S. D. New York.  November 15, 1886.*

SEAMEN—WAGES—MASTER'S LIEN—BRITISH VESSEL—LAW OF THE FLAG—MORTGAGEE IN POSSESSION, BUT OSTENSIBLY AGENT ONLY FOR FOREIGN OWNER—BRITISH MERCHANTS' SHIPPING ACT.

Libelant shipped in New York, as master of the bark P., knowing that she had a British registry, and supposing that she was owned by a British subject re-

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

siding in Quebec. In fact, one P. was mortgagee in possession, and running the vessel for his own account, though acting ostensibly as "agent for owners." *Held*, that libelant was entitled to the benefit of the British merchants' shipping act, as the law of the flag that governed the ship, and upon which he relied in joining her, and which was presumably the law contemplated by both parties, and that, under that act, libelant had a lien on the vessel for his wages.

*Hill, Wing & Shoudy*, for libelants.
*Whitehead, Parker & Dexter*, for claimants.

BROWN, J. The libelant, as master of the bark J. L. Pendergast, claims a lien upon the vessel for his wages, under the British merchants' shipping act, on the ground that she was run as a British vessel, and owned by a British subject, residing in Quebec, where the bark was registered. James F. Pendergast held a mortgage upon the vessel, and was in reality in possession, and running her for his own account, but acted ostensibly as "agent for the owners." The libelant knew her British registry; engaged as captain with Mr. Pendergast, in New York, supposing her, as he testified, to be in fact owned by her registered owner, who lived in Quebec; and he had no knowledge of Mr. Pendergast's interest, other than as agent of the vessel, and who signed as such in his dealings. Had the master known that Mr. Pendergast was a mortgagee in possession, and managing the ship for his own benefit, I think he could not have invoked the benefits of the English Merchants' Shipping Act. But Mr. Pendergast's act in dealing ostensibly as agent only, in effect concealed his true relation to the vessel. Mr. Pendergast was not, however, the actual holder of the mortgage. It had been assigned by him to E. D. Morgan & Co., as collateral security. I think that the libelant is therefore entitled to the benefits of the merchants' shipping act, as the law of the flag that governed the relations of those on board the ship, and upon which he relied on joining her, and which was presumably the law contemplated by both parties. *The J. Friederich*, 1 Wm. Rob. 35; *Covert* v. *The British Brig Wexford*, 3 Fed. Rep. 577. The mortgagee, therefore, has no equity to withhold from the master out of the proceeds of the ship the payment of the master's services, by which he has profited. *The Geo. T. Kemp*, 2 Low. 477; *The Walkyrien*, 11 Blatchf. 241; *Pritchard* v. *Norton*, 106 U. S. 124; S. C. 1 Sup. Ct. Rep. 102; *The Gaetano*, 7 Prob. Div. 1, 137; *Chartered Mercantile, etc.*, v. *Netherlands*, 10 Q. B. Div. 521. I do not think that there is any such account in the case as should preclude the master from recovering the amount due to him.

Decree for the libelant for amount claimed, with costs, but without extra pay.