---

## THE BEE.

### (District Court, D. Oregon. August 31, 1914.)

### No. 6473.

1. ADMIRALTY (§ 20*)—JURISDICTION—INJURY TO STEVEDORE.

   Where plaintiff was employed on a dock as a stevedore to assist in loading a vessel and while so doing was struck and injured by a sling load of lumber which was being transferred from the dock to the boat by its hoisting apparatus located on and operated from the boat, the injury having taken place on land and not on navigable water, was not a maritime tort within the jurisdiction of admiralty, and did not therefore create a maritime lien against the boat.

   [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 216, 225, 231; Dec. Dig. § 20.*]

2. MARITIME LIENS (§ 60*)—JURISDICTION—INJURIES TO STEVEDORES—LIENS—STATE LAW.

   A lien against a boat rising out of such injury, if it existed at all, was nonmaritime and created by the statutes of the state in which the injury occurred, and enforceable according to the procedure prescribed by such law.

   [Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. § 98; Dec. Dig. § 60.*]

3. SHIPPING (§ 87*)—INJURY TO STEVEDORE—BOAT LIEN LAW.

   Where a stevedore, while working on a wharf assisting to load lumber onto a vessel, was injured by being struck by a sling load of lumber, due to the alleged careless and negligent use and operation of the ship's appliances by her officers, the injury was caused by the ship, and was therefore within Oregon Boat Lien Law (L. O. L. § 7506), providing that under such circumstances an action may be maintained against the vessel.

   [Ed. Note.—For other cases, see Shipping, Cent. Dig. § 340; Dec. Dig. § 87.*]

4. MASTER AND SERVANT (§ 250*)—INJURIES TO STEVEDORE—EMPLOYER'S LIABILITY ACT—APPLICATION.

   L. O. L. Or. § 7506, provides that in cases of negligent injury by a boat or vessel, an action may be brought against the boat or vessel by name rather than in personam against the owner. Section 7509 declares that on return of the warrant, the proceedings shall be in the same manner as if the action had been commenced against the person on whose account the damages accrued, and section 7511 provides that if an issue of fact is joined, the same proceeding shall be had as in other actions. *Held*, that the Oregon Employers' Liability Act (L. O. L. §§ 5014–5072), was applicable to proceedings against a vessel for injuries to a stevedore by the alleged negligent operation of the vessel's hoisting appliances.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 805; Dec. Dig. § 250.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. SHIPPING (§ 73*) — INJURIES TO STEVEDORE — NONMARITIME TORT — WHAT
    LAW GOVERNS.

> Though the territorial sovereignty of a state extends to a vessel while
> she is on the high seas and the law of her home port is usually applied
> by comity to regulate the mutual relations of the ship, her owner, master,
> and crew as among themselves and with relation to their lien for wages,
> methods of discipline, contracts, and the status of those aboard her, yet
> as regards an actionable personal injury, not maritime in character, the
> ship's liability will be governed by the law of the place where the injury
> occurred, rather than that of the vessel's home port.

> [Ed. Note.—For other cases, see Shipping, Dec. Dig. § 73.*]

Action by W. A. Schroeder against the Steamship Bee. On demurrer to the complaint. Overruled.

Giltner & Sewall, and Edward J. Brazell, all of Portland, Or., for plaintiff.

Snow & McCamant, of Portland, Or., for defendant.

BEAN, District Judge. This action was instituted under the Oregon Boat Lien Law in the state court against the steamship Bee to recover damages for a personal injury. The law in question declares that "every boat or vessel used in navigating the waters of the state or constructed in the state shall be * * * subject to a lien * * * for damages or injuries done to persons or property by such boat or vessel" (L. O. L. § 7504), and provides a method of procedure for the enforcement of such lien. The action was removed to this court because of diversity of citizenship. The defendant demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

It is alleged, in substance, that the defendant boat is engaged in the coastwise trade between Columbia river and California points, and at the time of the injury to plaintiff was berthed at the Southern Pacific dock in the port of Portland, taking on a cargo of lumber from a train of cars standing on the dock. The plaintiff was employed as a stevedore to assist in loading the vessel, and while at work on the cars was struck and injured by a sling load of lumber which was being transferred from the cars to the boat by a hoisting apparatus located on and operated from the boat, which injury it is alleged was due to the carelessness and negligence of the mate who had charge of the work and to whose orders plaintiff was obliged to conform, in ordering the sling load to be hoisted without warning to the plaintiff.

[1] The cause of action as made by the complaint is not a maritime tort of which courts of admiralty have jurisdiction. The consummation of the wrong having taken place on land and not on navigable water, and the cause of action not having been consummated on such water, there is therefore no lien on the boat under the maritime law. Therefore the fellow-servant doctrine as applied in proceedings in admiralty and the ruling of this court in the Nokomis (no opinion) that the Oregon Employers' Liability Law (L. O. L. §§ 5014–5072) does not control proceedings in admiralty have no bearings upon the questions now presented.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] The lien sought to be enforced, if it exists at all, is nonmaritime and created by the state statute, and is enforceable according to the statutory method prescribed by the state law and the rules of evidence and procedure applicable thereto. Johnson v. Chicago, etc., Elevator Co., 119 U. S. 388, 7 Sup. Ct. 254, 30 L. Ed. 447. The case is here by reason of diversity of citizenship, and not as a proceeding in admiralty.

The facts stated in the complaint would bring the case within the provisions of the Employers' Liability Law if the action was in personam against the owner of the vessel, but it is contended by the defendant: (1) That the Boat Lien Law has no application to the case made by the complaint because the injury complained of was not done by the "boat or vessel" within the meaning of the law; (2) that the Oregon Employers' Liability Act does not apply to actions brought against a boat to enforce a lien given by the state statute; and (3) that the defendant vessel is owned in California, and the law of that state governs the relations between the vessel and her owners on the one hand, and the employés of the ship on the other, and that under such law the mate, whose negligence it is alleged caused the injury, was a fellow servant with the plaintiff, for whose act neither the vessel nor her owner is liable.

[3] (1) The first point is, in my judgment, not well taken. The complaint shows that the injury to the plaintiff was due to the careless and negligent use and operation of the ship's appliances by her officers, and as said by the Court of Appeals in Aurora Shipping Co. v. Boyce, 191 Fed. 967, 112 C. C. A. 379:

"A ship in commission and capable of doing mischief includes her hull and whatever else pertains to her as a complete entity, including masts, rigging, sails, steering gear, propelling machinery, furniture, anchors, master, officers, and crew."

If, therefore, the plaintiff's injury was, as alleged, due to the negligent operation of the ship's appliances by its officers, it was caused by the ship within the law, and in this respect differs from the Mayfair, recently decided (no opinion), in which the injury was alleged to be due to the negligent manner in which lumber was piled on the wharf, and not to any act of the ship.

[4] (2) The remedy provided by the state law for enforcing the lien given by the statute is an action against the boat or vessel by name, rather than in personam against the owner (section 7506, Lord's Ore. Laws), but after the seizure of the vessel and the return of the warrant the proceedings are to be had against the vessel in the same manner as if the action had been commenced against the person on whose account the damages accrued (section 7509). And if an issue of fact be joined the same proceedings shall be had as in other actions. Section 7511. This being so it would seem to follow that the trial should be governed and the liability of the parties determined by the same rule as if the action were in personam against the owner; and, if it were an action against the owner, it is settled, as I understand the Oregon decisions, that the liability law would apply. Gynther v. Brown & McCabe, 67 Or. 311, 134 Pac. 1186; Dunn v. Orchard Land & Timber Co., 136 Pac. 872.

[5] (3) The complaint contains no allegation as to the home port of the defendant vessel, but it appears elsewhere in the record that it is California, and the defendant contends that the laws of that state and not of Oregon must determine her liability for the injury complained of. The territorial sovereignty of a state extends to a vessel while she is on the high seas (International Nav. Co. v. Lindstrom, 123 Fed. 475, 60 C. C. A. 649), and the law of her home port is usually applied by comity to regulate the mutual relations of the ship, her owner, master, and the crew as among themselves and their lien for wages, and methods of discipline, and may, under some circumstances, govern her contracts and the status of those aboard her. The Velox (D. C.) 21 Fed. 479; The J. L. Pendergast (D. C.) 29 Fed. 127; The Olga (D. C.) 32 Fed. 329; The Felice B (D. C.) 40 Fed. 653; The Angela Maria (D. C.) 35 Fed. 430; The Egyptian Monarch (D. C.) 36 Fed. 773. But where the act of a ship occasions an actionable personal injury, not maritime, the law, I take it, is that the rights of the parties are to be determined by the law of the place where the injury occurred, and not that of the home port of the vessel. N. P. R. R. v. Babcock, 154 U. S. 190, 14 Sup. Ct. 978, 38 L. Ed. 958; Stewart v. B. & O. R. R. Co., 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537. For, as stated by Mr. Justice Bradley in The Scotland, 105 U. S. 29, 26 L. Ed. 1001:

"In administering justice between parties it is essential to know by what law, or code, or system of laws, their mutual rights are to be determined. When they arise in a particular country or state, they are generally to be determined by the laws of that state. Those laws pervade all transactions which take place where they prevail, and give them their color and legal effect."

Demurrer will be overruled.