In the Matter of the Application of the CITY OF NEW YORK, Acting by and Through the Commissioner of Docks, Relative to Acquiring Right and Title to and Possession of Certain Real Property, Wharf Property, Lands, Lands under Water, Lands under Water Filled In, Wharfage Rights, Incorporeal Hereditaments, Terms, Easements, Emoluments, Privileges and Appurtenances of and to the Lands, Lands under Water, Lands under Water Filled In, Necessary to be Taken and Acquired for the Improvement of the Waterfront and Harbor of the City of New York on Upper New York Bay between Simonson Avenue, Clifton and Arrietta Streets, Tompkinsville, in the Borough of Richmond, State of New York, Pursuant to a Certain Plan Determined upon by the Commissioner of Docks on March 27, 1919, and Approved and Adopted by the Commissioners of the Sinking Fund on May 8, 1919.

(Supreme Court, Kings Special Term, July, 1921.)

Lands under water — colonial grants — when lands below high water mark at date of grant are not included in the grant — Symes patent, Staten Island, New York.

The petition upon which the grant was made by Queen Anne to Lancaster Symes in 1708 of land on Staten Island referred only to " Some Small Vacancies in the Crowne." The report of council, the warrant for the grant and the grant itself mentioned, as the subject thereof, only the pieces and parcels of vacant and unappropriated land on Staten Island. *Held*, that it was not the intention to include in said grant any lands below high water mark as the same existed in 1708, and in a proceeding instituted by the city of New York to determine the title to lands under water, an objection to the admission in evidence of the Symes grant and to an Indian deed and the statutes offered in connection therewith, will be sustained.

PROCEEDING to determine title to lands under water.

Jenks & Rogers, for Victory Dry Dock and Repair Company, Inc., claimant.

Gilbert & Gilbert, for Staten Island Railway Company, The Staten Island Rapid Transit Company, and New York Transit and Terminal Company, Ltd.

Lessler & Russell, for American Dock Company.

Benjamin S. Catchings, for Symes Foundation, Inc., and American Title and Trust Company.

John P. O'Brien, corporation counsel, for city of New York.

Gilbert Ray Hawes, for estate of Edward Henry Carmack, deceased, and the estate of Henry C. Terry, deceased.

O'Brien, Boardman, Parker & Fox, for Stapleton Dock and Warehouse Corporation, Edgewater Saw Mill Company, J. T. Williams & Sons and Thomas & Henry K. S. Williams.

Phillips, Mahoney & Liebel, for Consumers Coal and Ice Company.

Edward W. Murphy, for Atlantic Mutual Insurance Company, Mary L. Haylor, Martha Ann Blake Robinson, Emma E. Eddy and Adele L. Eddy et al.

Michael J. Mulqueen, for Hugo Jaborg et al.

Barry, Wainwright, Thatcher & Symmers, for American Society for Prevention of Cruelty to Animals.

FABER, J. The admissibility in evidence of the grant made by Queen Anne to Lancaster Symes in 1708 depends upon whether said grant conveyed the land under water, and below low water mark as it existed

in 1708, which is sought to be taken by the city in this proceeding. Counsel for the parties objecting to the admission of the Symes grant cite a number of decisions in support of their contention that grants by the sovereign to a subject are to be construed strictly against the grantee. On the other hand, counsel for the Symes Foundation and the Victory Dry Dock Company, Inc., contend that such rule of strict construction does not apply where the grant, as in this instance, is made " by the special favor, certain knowledge and mere motion " of the sovereign, and cite certain authorities in support of their contention, to which may be added the recent decision of the Appellate Division in this department in *Starke-Belknap* v. *N. Y. Central R. R. Co.,* 197 App. Div. 249. Giving, however, to the Symes grant the most liberal construction called for by the authorities last referred to, it does not seem to me that such grant can be held to have included any of the lands under water involved in this proceeding. In the petition of Symes, in response to which the grant was made, it is recited " that there is at This Tyme remaining on That Island Some *Small Vacancies* in the Crowne," and the prayer of the petition was that the petitioner be granted " Her Majesties Letters Pattents for ye Same." The report of council on such petition, dated October 14, 1708, was in favor of the granting of letters patent to the petitioner " for the Vacant Land & Meadow petition'd for by him." The warrant signed by Governor Cornbury, directing the drafting of the grant, required the attorney-general to prepare a draft of letters patent " for all and Every the peices and parcells of vacant and unappropriated Land and meadow on Staten Island in the County of Richmond." The grant itself, after reciting the presentation of the petition for a grant of " all and Every the peices and parcells of vacant and unappropriated

Land and meadow on Staten Island in the County of Richmond," and the willingness of the sovereign to grant such petition, proceeded to give, grant, ratify and confirm unto the said Lancaster Symes, his heirs and assigns " *all the before menconed Peices and Parcells of Vacant & unappropriated Land and Premises* and all and Singular the Hereditaments & appurtanances thereunto belonging within the Bounds and Limits above in these Presents menconed and Expresses together with all and Singular the woods Underwoods Trees Timber ffeedings Meadows Marshes Swamps Pooles Ponds Waters Watercourse Rivers Rivoletts Runns & Streams of Water Brooks ffishing and ffowling hunting hawking Mines & Mineralls Standing Growing lyeing or being or to be had used or Enjoyed *within the Bounds and Limitts aforesaid* and all other Proffitts Benefitts Advantages Hereditaments and Appurtenances whatsoever until the sd Peices and Parcells of Land and Premises belonging or in any wise Appurteyning (Except and always Reserved out of this our Present Grant all Gold and Silver Mines) To have & to hold the said Peices & Parcells of Land & Premises with their Appurtenances hereby Granted or meant menconed or intended to be hereby Granted as aforesd (Except before Excepted) unto the said Lancaster Symes, his Heirs and Assigns forever." Adopting, as before stated, the most liberal rule of construction warranted by the authorities cited by counsel for the Symes Foundation and the Victory Dry Dock Company, it seems to me that the grant cannot be construed entirely without reference to the petition in response to which it was made. Bearing in mind that the petition referred only to " Some Small Vacancies in the Crowne," and that the report of council, the warrant for the grant and the grant itself, mentioned

as the subject of the grant only the pieces and parcels of vacant and unappropriated land on Staten Island, I think that it would be doing violence to all rules of construction to hold that it was the intention to include in the grant any lands below high water mark as the same existed in the year 1708. I think that if the grant had been intended to include lands under water language appropriate to effect that purpose would have been employed, as in many of the colonial grants and charters which have been brought before the courts for construction. In *De Lancey* v. *Piepgras,* 138 N. Y. 26, it was held that a patent from the crown of Great Britain issued in 1666 creating the Manor of Pelham and conveying a tract of land upon the mainland bounded by Long Island Sound, *with all the islands in the sound not previously granted or disposed of,* lying before the tract upon the mainland, did not pass title to the land under water adjoining the islands referred to. Nor does the reference in the Symes grant to the " Pooles Ponds Waters. Watercourse Rivers Rivoletts Runns & Streams of Water Brooks ffishing," etc., operate to enlarge the grant so as to include the lands under water here in question, inasmuch as all of the words quoted are limited and qualified by the phrase "within the Bounds and Limitts aforesaid." *Sage* v. *Mayor,* 154 N. Y. 61. The case of *Starke-Belknap* v. *N. Y. Central R. R. Co.,* *supra,* is distinguishable in that the royal grant there under consideration by its express terms included " ferries " and " the fishing in Hudson's River, so far as the bounds of the said lands extend upon the same." It was held in that case that the use in the grant of the terms quoted warranted the lower court in finding that the grant included the coves and bays which were appurtenant to the upland. I have considered with care the arguments advanced and author-

ities cited in the briefs submitted by counsel for the Symes Foundation and the Victory Dry Dock Company, but am unable to agree with their conclusion that the grant here in question included lands under water. The question whether the Symes grant included lands under water was not so involved in *Smith* v. *Staten Island Land Co.,* 175 App. Div. 588, or in the unreported case of *Crown Lands Corporation of Staten Island* v. *Corbin Land Co.* as to make the decisions in those cases controlling in the instant case. The objections to the admission of the Symes grant (claimant's Exhibit A for identification) and to the admission of the Indian deed and the statutes offered in connection therewith are sustained.

Ordered accordingly.