ANNA CAMPBELL, Appellant, v. ISAAC BARROWS, Respondent.— Judgment and order unanimously affirmed, with costs, pursuant to Civil Practice Act, section 106. No opinion. Present — Rich, Kelly, Jaycox, Manning and Kelby, JJ.

RAFFAELE COLANTINO, Appellant, v. ATLANTIC STEVEDORING. COMPANY and Another, Respondents.— Appeal dismissed, without costs, on the ground that the court has not jurisdiction of the action against the defendant Atlantic Stevedoring Company, and that plaintiff's exclusive remedy against said defendant is under the Workmen's Compensation Law. (See *Industrial Commission* v. *Nordenholt Corporation*, 259 U. S. 263.) The validity of the release to the defendant Atlantic Stevedoring Company cannot be adjudicated in an action of which the court has no jurisdiction. The plaintiff, on applying for a resumption of compensation under the Workmen's Compensation Law, can have the question of how much money has actually been paid to him by way of compensation adjudicated by the State Industrial Commission, for at the time of the giving of the alleged release, in so far as it released liability for compensation, the release was void under section 33 of the Workmen's Compensation Law.* Rich, Jaycox, Manning, Kelby and Young, JJ., concur.

ALICE J. DIONYSIUS, Respondent, v. GEORGE H. DIONYSIUS, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Rich, Jaycox, Manning, Kelby and Young, JJ.

LUCY DOYLE, Respondent, v. THE BROOKLYN CITY RAILROAD COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Rich, Kelly, Jaycox, Manning and Kelby, JJ.

In the Matter of the Application of THE CITY OF NEW YORK, Acting by and Through the Commissioner of Docks, etc. (Staten Island Proceeding.) SYMES FOUNDATION, INC., and THE AMERICAN TITLE AND TRUST COMPANY, Appellants; THE STATEN ISLAND RAILWAY COMPANY and Others, Respondents.— This appeal, not being from a final order, is unauthorized, and presents no matter that we can pass upon. The record shows that the only question involved is the correctness of a ruling by the justice at Special Term in excluding certain evidence presented by a claimant in support of his title. We think the court should have received the evidence, and, at the proper time, passed upon its legal effect. In a proceeding of this kind an appeal can be taken only from a final order, and hence the present appeal is dismissed, without costs. If the question of title were properly before us, we should be inclined to decide that the learned justice at Special Term was correct in holding that the Symes patent conveys no title to property below high-water mark. [See 116 Misc. Rep. 179.] Rich, Jaycox, Manning, Kelby and Young, JJ., concur.