Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of WILLIAM HAMMONDS, Respondent, for Compensation under the Workmen's Compensation Law, *v.* ROCK PLASTER CORPORATION, Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

Third Department, December 28, 1921.

**Workmen's Compensation Law — maritime employment — claimant engaged in trucking to and from defendant's boats and in working as general laborer in and about defendant's mill injured while employed in the mill — award reversed and matter remitted to State Industrial Board in absence of evidence and finding as to whether or not claimant was engaged in maritime employment.**

An award in favor of a laborer injured while he was in the mill of the defendant should be reversed and the matter remitted to the State Industrial Board for further consideration, where it appears that said laborer trucked

plaster rock and plaster to and from boats docked at defendant's pier and when not so employed was engaged as a general laborer in and about defendant's mill, but there was no finding upon the subject and the evidence was not clear, and it could not be determined from the evidence in the absence of any finding whether or not the claimant was engaged in a maritime employment at the time of the injury.

APPEAL by the defendants, Rock Plaster Corporation and another, from an award of the State Industrial Board, entered in the office of said Board on the 19th day of May, 1921.

*Bertrand L. Pettigrew* [*Walter L. Glenney* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

PER CURIAM:

The question whether the claimant was engaged in a maritime employment at the time of the injury was raised and litigated before the Board, but has not been decided by it. It is a close question under *Matter of Keator* v. *Rock Plaster Mfg. Co.* (224 N. Y. 540) and *Matter of Newham* v. *Chile Exploration Co.* (232 id. 37). Whether his employment was maritime or not cannot definitely be determined from the evidence, in the absence of any finding. He was a common laborer, working in and about the mill. When injured he was in the mill tying up bags filled with plaster. When boats were in with plaster rock, he usually assisted in trucking the rock from the boat to the pier. When boats were being loaded with plaster from the mill, he usually trucked the plaster from the mill to the boat. Boats with rock did not come in to the pier every day; plaster was loaded onto the boats nights, and some nights he did not assist in that work. Presumably, when not trucking to and from the boat, he was engaged as a general laborer in and about the mill, but there is no finding upon the subject and the evidence is not clear. The award should be reversed and the matter remitted to the Board for further consideration.

JOHN M. KELLOGG, P. J., WOODWARD, COCHRANE, H. T. KELLOGG and VAN KIRK, JJ., concur.

Award reversed and matter remitted to the Board for further consideration.