In the Matter of the Claim of GRACE KEATOR et al. against ROCK PLASTER MANUFACTURING COMPANY et al., Respondents.

STATE INDUSTRIAL COMMISSION, Appellant.

**Workmen's compensation — state industrial commission without jurisdiction to make award for death of workmen injured while engaged on maritime contract.**

A workman in charge of the unloading of rock from a vessel in navigable waters is engaged in the performance of a maritime contract and the state industrial commission has no jurisdiction to make an award for his death occasioned by his being struck by a load of the rock which was being hoisted from the vessel to the dock. *Matter of Doey* v. *Howland Co.. Inc.*, 224 N. Y. 30, followed.

*Keator* v. *Rock Plaster Manfg. Co.*, 182 App. Div. 153, affirmed.

(Argued April 25, 1918; decided June 4, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 8, 1918, reversing an award of the state industrial commission and dismissing the claim.

*Merton E. Lewis*, Attorney-General (*E. C. Aiken* of counsel), for appellant.

*Bertrand L. Pettigrew* and *W. L. Glenney* for respondents.

McLaughlin, J.  On the 12th of June, 1917, Alexander Keator was in the employ of the Rock Plaster Manufacturing Company, which had a place of business at One Hundred and Fiftieth street and East river, New York city.  As a necessary incident to the carrying on of such business, rock was unloaded from vessels lying alongside a pier in the East river, and dumped on the dock near the plant.  Keator had charge of the unloading of such rock.  On the day mentioned, while actually engaged in the performance of his duties in unloading a vessel, then in navigable waters, he was struck by a load of rock being hoisted from the vessel to the dock and killed.

I am of the opinion, for the reasons stated by me in *Matter of Doey* v. *Howland Co., Inc.*, decided herewith, that Keator, at the time he was killed, was engaged in the performance of a maritime contract.

The order appealed from, therefore, should be affirmed, with costs against the state industrial commission.

Hiscock, Ch. J., Chase and Collin, JJ., concur; Cuddeback, Hogan and Cardozo, JJ., dissent.

Order affirmed.