## KEATOR v. ROCK PLASTER MFG. CO.

(District Court, S. D. New York. February 1, 1919.)

1. ADMIRALTY ⟐⟐18—JURISDICTION—ACTION FOR TORT.
   The jurisdiction in admiralty in tort cases is exclusively dependent upon the locality of the act.

2. ADMIRALTY ⟐⟐21—JURISDICTION—ACTION FOR TORT.
   Where a person was killed while standing upon a dock, by the falling upon him of rock being discharged from a vessel by means of buckets hoisted by block and fall, the tort was not maritime, and a court of admiralty is without jurisdiction.

In Admiralty. Suit by Grace Keator, administratrix of Alexander Keator, deceased, against the Rock Plaster Manufacturing Company. On exceptions to libel. Exceptions sustained.

Bertrand L. Pettigrew, of New York City (Walter L. Glenney, of New York City, of counsel), for the motion.
Joseph A. Shay, of New York City, opposed.

⟐⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MAYER, District Judge.    Alexander Keator was in the employ of defendant.    The accident which resulted in his death is described in the libel as follows:

"Third. That at the time said deceased received his injuries, causing his death, he was standing upon the dock adjoining the plant where rock was being unloaded from a boat, which was moored to said dock.    That the rock was being hoisted by means of block and fall, to which there was attached a bucket, which was filled upon the boat and dumped upon said dock.

"Fourth. That while a bucket load of rock was being hoisted from the boat and was over the dock, because of a defective latch or catch, which was intended to hold the bucket closed or locked, opened up and released the load, causing the bucket to tip and the rock to fall, striking the deceased and bringing about the injuries which caused his death."

The first step taken by his widow was as a claimant before the state Industrial Commission, to which body she applied on behalf of herself and Keator's father for relief under the New York state Workmen's Compensation Law (Consol. Laws, c. 67).    The Commission allowed the claim, but the Appellate Division, Third Department, reversed the determination of the Commission, and the New York Court of Appeals affirmed the order of the Appellate Division.    Matter of Keator v. Rock Plaster Mfg. Co., 224 N. Y. 540, 120 N. E. 56. Judge McLaughlin, writing for the court, stated:

"I am of the opinion, for the reasons stated by me in Matter of Doey v. Howland Co., Inc., * * * decided herewith, that Keator, at the time he was killed, was engaged in the performance of a maritime contract."

The Doey Case held that, where the injured person was engaged in the performance of a maritime contract, the New York state Workmen's Compensation Law did not afford relief as the law then stood. Matter of Doey v. Howland Co., 224 N. Y. 30, 120 N. E. 53.    Contemporaneously the court decided to the same effect Matter of Anderson v. Johnson Lighterage Co., 224 N. Y. 539, 120 N. E. 55.

The decision in the Keator and Anderson Cases was by a divided court; three judges dissenting.    It was stated on the argument that an application for a writ of certiorari was applied for to and denied by the Supreme Court of the United States.

[1] This suit being here in admiralty, respondent has excepted to the libel on various grounds, all of which go to the point that, the deceased having been killed while standing on the dock, admiralty has no jurisdiction over a cause of action based on tort to recover damages for his death.    The jurisdiction of admiralty in tort cases is exclusively dependent upon the locality of the act.    Atlantic Transport Co. v. Imbrovek, 234 U. S. 52, 34 Sup. Ct. 733, 58 L. Ed. 1208, 51 L. R. A. (N. S.) 1157.

[2] In a number of cases the question has arisen as to whether the tort should be regarded as having happened on the vessel or on land, where the tort was caused by an act which was started on the vessel or on the dock, as the case may be, and ended with the death or injury on the land or the vessel, as the case may be.    In these cases it has been uniformly held that the locus of the tort is the place where

the injury was actually inflicted. The Mary Garrett (D. C.) 63 Fed. 1009, and cases cited; Hermann v. Port Blakely Mill Co. (D. C.) 69 Fed. 646, and cases cited; The Bee (D. C.) 216 Fed. 709, and cases cited.

As Keator was killed on the dock, it is apparent that the tort was not maritime, and therefore there is no jurisdiction in admiralty, and the exceptions must be sustained on the ground that there is lack of jurisdiction.

If this conclusion is right, fortunately plaintiff is not without remedy, for it would seem that she has a cause of action at common law against this defendant. Whether this court or the appropriate state court has jurisdiction will, of course, depend on diversity of citizenship.

I deem it my duty to suggest to counsel that this case be expedited in every way. It is highly important that every jurisdictional question shall be decided, if possible, before the statute of limitations shall have run. I have not found any case in the Supreme Court which covers the precise situation here involved on the question of jurisdiction; that is, a case where the alleged defective instrumentality starts on the vessel and in its progress causes the injury on land.

If the decision now made should be erroneous, and a judgment in a common-law action, proceeding upon the theory that the tort is not maritime, should be reversed on review, then the plaintiff would be out of court.

It is extremely desirable that this plaintiff should have her day in such court as may have jurisdiction. In order to safeguard this proposition, I repeat, with emphasis, that counsel should be diligent in the prosecution of the case, so that all jurisdictional questions may be determined before the statute of limitations shall have run.

Settle order on one day's notice.