Before State Industrial Board, Respondent.

In the Matter of the Claim of Anna De Gaetano, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of Vincenzo De Gaetano, *v.* Merritt & Chapman Derrick and Wrecking Company, Employer, and New Amsterdam Casualty Company, Insurance Carrier, Appellants.

Third Department, November 15, 1922.

**Workmen's Compensation Law — maritime employment — deceased was member of crew of wrecking scow and employed as deckhand and diver — scow moored to dock at time of accident and engaged in laying submarine cable — death caused by failure of air while deceased was under water in diving suit — deceased engaged in maritime employment and accident did not occur on land.**

The deceased was a seaman and was engaged in maritime employment and the accident resulting in his death did not occur on land, where it appeared that he was a member of the crew of a scow equipped as a floating derrick and engaged generally in the wrecking business; that the scow was registered as a vessel with the United States Custom House and was towed from time to time to various places along the coast; that at the time of the accident it was moored to a dock on the Harlem river and was engaged in laying an electric submarine cable; that the deceased was employed as a deckhand and diver and at the time of the accident was at the bottom of the river in a diving suit engaged in helping to lay the cable; that the diving apparatus was a part of the equipment of the boat, and that death was caused by the cutting off of air from the diving apparatus.

The mere fact that the decedent was standing on the ground under water did not change the essential character of the operation, which consisted of the use of a vessel and its appliances and crew, and so the accident was not one which occurred on land.

Hasbrouck, J., dissents.

Appeal by the defendants, Merritt & Chapman Derrick and Wrecking Company and another, from a decision and award of the State Industrial Board, made on the 4th day of January, 1922, and also from a decision made on the 13th day of March, 1922, affirming said award.

*Frederick Mellor,* for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

HINMAN, J.:

The question here is whether or not the deceased was engaged in maritime employment. The State Industrial Board has held that he was not. The facts are undisputed. The deceased was a member of the crew of a scow, equipped as a floating derrick with a hoisting engine and engaged generally in the wrecking business. It was also equipped with an air compressor for supplying air to divers operating from the vessel in subaqueous work. It was registered as a vessel with the United States Custom House and was towed at times to various places along the coast in the vicinity of New York city. At the time of the accident on August 29, 1921, it was made fast to a dock on the Harlem river and on concededly navigable waters.

The duties of the deceased were those of a deckhand and diver, principally the latter. On the day in question the vessel was being used to aid in laying an electric submarine cable from shore to shore of the river. The deceased was working as a diver. He dressed for diving on the vessel and entered the water from the boat. His diving outfit was connected by an air tube to the air compressor, which was a part of the equipment of the boat. His particular work at the time was to stand on the bottom of the river where he guided the cables through a hole in the bulkhead as they were pulled through the dock.

While the diver was under water, the engineer of the scow operated the engine so as to furnish air to the air compressor tank, and a deckhand, standing aboard the boat, handled the tube running from the tank to the helmet of the diver, regulating the amount of air supply furnished to the latter and signaling to the engineer to operate the engine when necessary. While the deceased was so working under the water the air, in some unexplained manner, was cut off, causing his death.

We think this case comes within the reasoning of this court in the case of *Norman* v. *Merritt & Chapman Derrick & Wrecking Co.* (200 App. Div. 360). The deceased was one of the crew of a vessel and at the time of his accident was engaged in the very service for which the vessel was equipped and operated. He was a " seaman," actually attached to the vessel at the time through the instrumentality of the diver's uniform, the air tube, the compressor tank and the engine of the boat, all of which were being simultaneously operated as equipment of the boat by himself, the deckhand and the engineer as members of the crew. The nature of

the scow's employment at the time is not material, since he was a seaman of a vessel and he was constructively on the vessel, doing the work of the vessel under a maritime contract. The mere fact that his feet were touching the land under the water did not change the essential character of the operation, which consisted of the use of a vessel and its appliances and crew, the work of the deceased being an integral part of such operation. It was not an accident on land within the authority of *Industrial Commission* v. *Nordenholt Corp.* (259 U. S. 263; 66 L. ed. —— [U. S. Adv. Ops. 1921–22, p. 567]; 42 Sup. Ct. Rep. ——.)*

The award should be reversed, with costs against the State Industrial Board, and the claim dismissed.

H. T. KELLOGG, Acting P. J., KILEY and VAN KIRK, JJ., concur; HASBROUCK, J., dissents.

Award reversed and claim dismissed, with costs against the State Industrial Board.

---

* For statutory rule since June 10, 1922, see U. S. Slip Laws, Public, No. 239, 67th Cong., being 42 U. S. Stat. at Large, ——, chap. ——, amdg. U. S. Judicial Code (36 U. S. Stat. at Large, 1091), § 24, subd. 3, and U. S. Judicial Code (36 id. 1160, 1161), § 256, subd. 3.— [REP.