[S. F. No. 12180.   In Bank.—February 28, 1927.]

## ALASKA PACKERS ASSOCIATION (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, etc., and JOHN PETERSON, Respondents.

[1] WORKMEN'S COMPENSATION ACT—EMPLOYER AND EMPLOYEE—CONTRACT OF EMPLOYMENT—JURISDICTION.—Where a contract of employment is made in the state of California, the employer and the employee are subject to the provisions of the Workmen's Compensation Law of this state, although the injuries complained of occurred outside the state.

[2] ID.—NATURE OF CONTRACT.—A contract employing one as a member of the crew of a bark bound for Alaska, where the employee engaged in catching fish for a cannery, is maritime in its nature.

[3] ID.—CHARACTER OF WORK—EFFECT ON CONTRACT.—In such a case, the fact that the employee worked at mending nets, performed services in loading and unloading lighters carrying the cargo of the ship, and, part of the time while the vessel was in Alaska, slept on shore, did not qualify in any way the nature of his contract, or render it severable.

[4] ID.—MARITIME CONTRACTS—MARITIME LAW—STATE REGULATIONS. Generally speaking, parties entering into maritime contracts contemplate the system of maritime law and its well-known rules control their rights and liabilities, to the exclusion of state statutes; but, as to certain local matters, regulation of which works no material prejudice to the general maritime law, nor interferes with the proper harmony or uniformity of that law in its international or interstate relations, the rules of the maritime law may be modified or supplemented by state regulation.

[5] ID.—COMPENSATION ACT—STATUTORY CONSTRUCTION.—When a compensation act supersedes other state laws touching a liability for damages which depended upon the common law and state statutes, it does not come into conflict with any superior maritime law; and this is true whether the award under the act is made as upon an implied agreement or otherwise.

[6] ID.—COMPENSATION FOR INJURIES—ABROGATION OF COMMON LAW.— The California Workmen's Compensation Act provides the only means by which an injured employee can recover compensation from his employer for injuries received in the course of and

1.   See 27 **Cal. Jur.** 445.
3.   See 27 **Cal. Jur.** 319, 320.
6.   See 27 **Cal. Jur.** 262.

arising out of his employment, and it abrogates common-law liability of the master for such injuries in the cases to which it is applicable.

[7] ID.—MARITIME CONTRACTS—INJURY OF EMPLOYEE ON LAND—LOCAL LAW.—Although a person was employed by a contract made here to go as a seaman to Alaska waters for the purpose of catching fish for a cannery, a claim made by him for injuries received while standing on the beach, pushing and lifting on a fishing boat in an endeavor to launch it, comes within the compensation law of this state.

[8] ID.—EMPLOYEES—SEAMEN.—While seamen and fishermen may not usually be referred to as "employees," there can be no question but that they come within the broad meaning of this word as used in section 8 of the Workmen's Compensation Act.

---

(1) Workmen's Compensation Acts, C. J., p. 32, n. 46. (2) 1 C. J., p. 1274, n. 95. (3) 1 C. J., p. 1274, n. 95. (4) 1 C. J., p. 1252, n. 64, p. 1253, n. 68, 69, 70, p. 1266, n. 14 New. (5) Workmen's Compensation Acts, C. J., p. 6, n. 23, p. 7, n. 25, 32, p. 133, n. 17, 18. (6) 1 C. J., p. 1253, n. 70 New; Workmen's Compensation Acts, C. J., p. 39, n. 86. (7) 20 C. J., p. 1240, n. 52, 64, p. 1241, n. 75; Workmen's Compensation Acts, C. J., p. 47, n. 33.

APPLICATION for a Writ of Certiorari to review an order of the Industrial Accident Commission awarding compensation for personal injuries. Award affirmed.

The facts are stated in the opinion of the court.

Chickering & Gregory and Blair S. Shuman for Petitioner.

G. C. Faulkner for Respondent Industrial Accident Commission.

H. W. Hutton for Respondent Peterson.

WASTE, C. J.—Alaska Packers Association petitions this court to review and annul an award of the respondent Industrial Accident Commission made against it, as self-insurer, and in favor of respondent John Peterson, who was injured while in Alaska. Peterson entered the employ of the petitioner under contract, shipping from San Francisco as a seaman and fisherman. During the voyage to Alaska, he acted as a member of the crew of the bark "Star

---

7. See 27 Cal. Jur. 320.

of Iceland,'' performing the regular duties of a seaman.
On arrival in Alaska, he was taken with the rest of the
crew to one of petitioner's canneries, and put to work re-
pairing nets and overhauling the fishing boats on the dock,
where they had been stored for the winter. When that work
was completed, Peterson and another employee were assigned
to one of the fishing boats, which they operated for a period
of about five weeks. The fishing season at the cannery
closed, and the men were directed to bring their boats to the
dock, to be hoisted up by a winch and placed in the ware-
house for the following winter. Peterson anchored his boat
near the beach, with the intention of later taking it to the
dock. When he returned for that purpose, the boat, because
of low tide, was stranded on the sand and mud of the beach,
all but a few feet near the stern, however, being in the water.
Standing on the beach, Peterson attempted, with the assist-
ance of others, to lift the boat to float it, and in so doing
strained his back and left hip, causing a fracture of the ver-
tebrae. He returned to San Francisco on the ''Star of Ice-
land'' as a seaman, and, on arrival, received his discharge.
[1] As the contract of employment was made in the state
of California, the employer and employee were subject to the
provisions of the Workmen's Compensation Law [Stats.
1917, p. 831]. Peterson, therefore, filed an application with
the Industrial Accident Commission for an adjustment of
claim for compensation for the injury suffered. The Com-
mission found that the applicant sustained injury occurring
in the course of and arising out of his employment, and
made an award in his favor and against the employer, as
self-insurer. Application for a rehearing before the Com-
mission was denied, and the employer now petitions this
court to review and to set aside the award. Its main conten-
tion is that the Commission was without jurisdiction over
this cause for the reason that the contract of hire was
wholly maritime in character, and, therefore, under the ex-
clusive admiralty jurisdiction of the courts of the United
States.

[2] Peterson's contract with the petitioner was undoubt-
edly maritime in its nature. (*Domenico* v. *Alaska Packers
Assn.,* 112 Fed. 554, 556; *North Alaska Salmon Co.* v. *Lar-
sen,* 220 Fed. 93, 95; *Heino* v. *Libby, McNeill & Libby,* 116
Wash. 148, 157 [205 Pac. 854].)   [3]   We do not regard the

fact that the employee worked at mending nets, performed services in loading and unloading lighters carrying the cargo to the ship, and, part of the time while the vessel was in Alaska, slept on shore, as qualifying in any way the nature of his contract, or rendering it severable. [4] Generally speaking, parties entering into maritime contracts contemplate the system of maritime law, and its well-known rules control their rights and liabilities, to the exclusion of state statutes. (*Union Fish Co.* v. *Erickson,* 248 U. S. 308 [63 L. Ed. 261, 39 Sup. Ct. Rep. 112, see, also, Rose's U. S. Notes].) But, as to certain local matters, regulation of which will work no material prejudice to the general maritime law, or interfere with the proper harmony or uniformity of that law in its international or interstate relations, the rules of the maritime law may be modified or supplemented by state regulation. (*Western Fuel Co.* v. *Garcia,* 257 U. S. 233, 242 [66 L. Ed. 210, 42 Sup. Ct. Rep. 89]; *Grant, Smith-Porter Ship Co.* v. *Rohde,* 257 U. S. 469, 477 [25 A. L. R. 1008, 66 L. Ed. 321, 42 Sup. Ct. Rep. 157]; *State Industrial Com., etc.,* v. *Nordenholt Corp.,* 259 U. S. 263, 274, 275 [25 A. L. R. 1013, 66 L. Ed. 933, 42 Sup. Ct. Rep. 473].) [5] When a compensation act supersedes other state laws touching a liability for damages which depended upon the common law and state statutes, it does not come into conflict with any superior maritime law. And this is true whether the award under the act is made as upon an implied agreement or otherwise. (*State Industrial Com., etc.,* v. *Nordenholt Corp., supra,* pp. 275, 276.) In that case a stevedore, engaged in unloading a vessel lying in navigable waters, slipped and fell on the dock. He was awarded compensation under the Workmen's Compensation Law of New York, and the United States supreme court held that application of the local law would not work material prejudice to any characteristic feature of the general maritime law. In *Grant, Smith-Porter Ship Co.* v. *Rhode, supra,* the court held that, while the general admiralty jurisdiction extends to a proceeding to recover damages resulting from a tort committed on a vessel in process of construction when lying in navigable waters, under the "circumstances stated the exclusive features of the Oregon Workmen's Compensation Act . . . would apply and abrogate the right to recover damages in an admiralty court which otherwise would ex-

ist.'' In a still more recent case, in which the record disclosed facts said by the court to be sufficient to show a maritime tort, to which the general admiralty jurisdiction would extend, the court sustained an award made under the Texas State Compensation Act, saying: ''The matter is of mere local concern and its regulation by the state will work no material prejudice to any characteristic feature of the general maritime law.'' (*Miller's Indemnity Underwriters* v. *Braud,* 270 U. S. 59 [70 L. Ed. 470, 46 Sup. Ct. Rep. 194].) To the same effect is the decision of this court in *City of Oakland* v. *Industrial Acc. Com.*, 198 Cal. 273 [244 Pac. 353]. [6] The California Workmen's Compensation Act provides the only means by which an injured employee can recover compensation from his employer for injuries received in the course of and arising out of his employment, and it abrogates the common-law liability of the master for such injuries in the cases to which it is applicable. (*Netherlands American Steam Nav. Co.* v. *Gallagher,* 282 Fed. 171, 183.) The obvious intent of the act was to substitute its procedure for the former method of settling disputes arising between those occupying the strict relationship of master and servant, or employer and employee, by means of actions for damages. (*Cooper* v. *Industrial Acc. Com.,* 177 Cal. 685, 687 [171 Pac. 684].) It substitutes a new system of rights and obligations for the common-law rules governing the liability of employers for injuries to their employees. (*Western Indemnity Co.* v. *Pillsbury,* 170 Cal. 686, 692 [151 Pac. 398].) When the specified conditions exist, the remedy provided by the act is exclusive of all other statutory or common-law remedies. (*DeCarli* v. *Associated Oil Co.*, 57 Cal. App. 310 [207 Pac. 282].)

[7] Peterson was injured while standing on the beach, pushing and lifting on a fishing boat in an endeavor to launch it. The work he was·performing at the time of his injury had no more direct relation to navigation or commerce or to his duties either as a seaman or as a fisherman than would the work of a longshoreman loading or unloading a ship. It was essentially ''land labor,'' nonmaritime in its nature. These circumstances serve to bring the case within the category of those relating to dock and port employees working under maritime contracts, but who sustain injuries

on land. In such a case the local law may apply. "When an employee, working *on board a vessel in navigable waters* [italics ours], sustains injuries there, and seeks damages from the employer, the applicable legal principles are very different from those which would control it if he had been injured on land while unloading the vessel. In the former situation the liability of the employer must be determined under the maritime law; in the latter, no general maritime rule prescribes the liability, and the local law has always been applied. The liability of the employer for damages on account of injuries received on shipboard by an employee under a maritime contract is matter within the admiralty jurisdiction; but not so when the accident occurs on land." (*State Industrial Com.* v. *Nordenholt, supra; Netherlands American Steam Nav. Co.* v. *Gallagher, supra.*) The action here is not one to recover on a contract, maritime or otherwise. The liability of the employer to pay compensation to the injured employee arises from the Workmen's Compensation Act, to which Peterson and the petitioner were subject, rather than from any agreement of the parties. The law operates on the status of the parties, and affixes certain rights and obligations to that status. (*North Alaska Salmon Co.* v. *Pillsbury,* 174 Cal. 1, 2 [L. R. A. 1917E, 642, 162 Pac. 93].) Under the circumstances here shown to exist, application of the California Workmen's Compensation Act will not work any material prejudice to any characteristic feature of the general maritime law. (*Grant, Smith-Porter Ship Co.* v. *Rohde, supra; State Industrial Com., etc.,* v. *Nordenholt Corp., supra; City of Oakland* v. *Industrial Acc. Com., supra.*)

[8] Petitioner makes some objection to the references to Peterson as an "employee," and states: "We know of no cases involving seamen where they are termed employees." "Employee" is defined in Bouvier's Law Dictionary as "a term of rather broad significance for one who is employed . . . "; and "employed" is "the act of doing a thing and the being under contract or orders to do it." (*United States* v. *Morris,* 39 U. S. (14 Pet.) 463, 475 [10 L. Ed. 543, see, also, Rose's U. S. Notes].) While seamen and fishermen may not usually be referred to as "employees," there can be no question but that they come within the broad mean-

ing of this word, as used in section 8 of the Workmen's Compensation Act.

The award is affirmed.

Preston, J., Curtis, J., Seawell, J., Richards, J., Shenk, J., and Langdon, J., concurred.