## THE ADMIRAL PEOPLES.
### No. 7545.

Circuit Court of Appeals, Ninth Circuit.

Oct. 16, 1934.

William P. Lord, of Portland, Or., for appellant.

McCamant, Thompson & King and Wallace McCamant, all of Portland, Or., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from a decree in admiralty sustaining appellee's exceptions to the appellant's libel in rem, which raised the question of the jurisdiction of the admiralty court over the tort upon which the appellant based her action.

The appellant was a passenger on the Admiral Peoples, and was injured while disembarking from the vessel by falling upon the dock as she attempted to step from the gangplank. The negligence complained of was in furnishing a gangplank which required the passenger to step down six inches to the dock when leaving the gangplank. The passenger was seventy-three years of age at the time, and as result of her fall suffered severe injuries.

It is well settled that injuries occurring upon the dock are injuries upon the land, and that admiralty has no jurisdiction over the place of injury. The cases in which this principle has been applied are so numerous that we deem it unnecessary to enter into an extended discussion of them. Recent decisions of the Supreme Court (State Industrial Comm. v. Nordenholt Corp., 259 U. S. 263, 42 S. Ct. 473, 66 L. Ed. 933, 25 A. L. R. 1013; Smith & Son v. Taylor, 276 U. S. 179, 48 S. Ct. 228, 229, 72 L. Ed. 520; Nogueira v. N. Y., N. H. & H. R. Co., 281 U. S. 128, 50 S. Ct. 303, 74 L. Ed. 754; Employers' Liability Assur. Corp. v. Cook, 281 U. S. 233, 50 S. Ct. 308, 74 L. Ed. 823; Spencer Kellogg & Sons v. Hicks (The Linseed King), 285 U. S. 502, 52 S. Ct. 450, 76 L. Ed. 903; L'Hote et al. v. Crowell, Dep. Comm., 286 U. S. 528, 52 S. Ct. 499, 76 L. Ed. 1270; Vancouver S. S. Co. v. Rice, 288 U. S. 445, 53 S. Ct. 420, 77 L. Ed. 885) have so definitely settled the questions involved in this case that it is unnecessary to consider earlier decisions of the lower federal courts which conflict with the decisions of the Supreme Court announced in these recent cases, upon some of which appellant relies. The tenor of these recent decisions will be indicated by the following quotations:

In Smith & Son v. Taylor, supra, the Supreme Court said: "Deceased was engaged in maritime work under a maritime contract. If the cause of action arose upon the river, the rights of the parties are controlled by maritime law, the case is within the admiralty and maritime jurisdiction, and the application of the Louisiana Compensation Law violated section 2 of article 3. But, if the cause of action arose upon the land, the state law is applicable. The Plymouth, 3 Wall. 20, 33, 18 L. Ed. 125; Atlantic Transport Co. v. Imbrovek, 234 U. S. 52, 59, 34 S. Ct. 733, 58 L. Ed. 1208, 51 L. R. A. (N. S.) 1157; Southern Pac. Co. v. Jensen, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900; Knickerbocker Ice Co. v. Stewart, 253 U. S. 149, 40 S. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145; Washington v. Dawson & Co., 264 U. S. 219, 44 S. Ct. 302, 68 L. Ed. 646. Plaintiff in error concedes that the stage and wharf on which deceased was working are to be deemed an extension of the land. Cleveland, Terminal & V. R. R. v. Steamship Co., 208 U. S. 316, 321, 28 S. Ct.

414, 52 L. Ed. 508, 13 Ann. Cas. 1215; State Industrial Comm. v. Nordenholt Co., 259 U. S. 263, 275, 42 S. Ct. 473, 66 L. Ed. 933, 25 A. L. R. 1013. * * * "

Appellant contends that the question of maritime jurisdiction in the gangplank cases depends upon whether or not the person injured was getting on or off the ship and not whether the injury occurred upon the wharf or the ship. This is incorrect. The distinction is the place of the injury. This can perhaps best be illustrated by a recent memorandum decision by the Circuit Court of Appeals of the Fifth Circuit, L'Hote v. Crowell, 54 F.(2d) 212, 213. A longshoreman who had been engaged in loading a ship alongside the wharf had been working on the wharf. We quote portions of the decision: "He had been ordered to go on board to assist in closing the ship's hatches when all the bags had been removed from the wharf; and in carrying out that order he rode the last load up from the wharf. As the sling was swinging backward and forward, it struck against either the rail or the side of the ship, with the result that Richard Payne was knocked off the load back on the wharf and fatally injured. * * * In this case the longshoreman Payne had finished his work on the wharf and from the time he was lifted from it by the sling by means of the ship's tackle was under the control of an instrumentality of the ship. We are of opinion that his situation was the same as it would have been had he been physically on board the ship."

The Supreme Court rejected this view and directed that the order of the deputy commissioner rejecting the claim be affirmed.

Decree affirmed.