## CENTRAL ENGINEERING CO. et al. v. BASSETT, Deputy United States Employees Compensation Com'r et al.

### No. 21.

District Court, S. D. Illinois, S. D.

Sept. 26, 1941.

Sinnett & Britton and Thos. P. Sinnett, all of Rock Island, Ill., for plaintiff.

Edward A. Glenn, of Louisiana, Mo., Howard L. Doyle, U. S. Atty., of Springfield, Ill., and J. O. Brown, U. S. Dist. Atty., of Peoria, Ill., for defendants.

ADAIR, District Judge.

This cause arises upon a stipulation filed herein, briefs submitted, and arguments of counsel, and the same having been considered by the court, the court finds the facts as shown by said stipulation, as follows:

### Findings of Fact.

1. That the plaintiff, Central Engineering Company, is a corporation, organized

and existing under the laws of the State of Iowa, and under its charter powers, is authorized to and does a general contracting and construction business.

2. That on or about the 26th day of February, A. D. 1938, the plaintiff, Central Engineering Company, entered into a contract with the United States Government to construct a dam and lock, at a point in the Mississippi River near the City of Clarksville, and State of Missouri; that said dam and lock is one of a series of dams and locks being constructed by the United States Government along the Mississippi River, to provide for a nine-foot channel, in aid of commerce, and is designated by the United States Engineers' office as U. S. Dam No. 24.

3. That in connection with the said construction work, the said plaintiff, Central Engineering Company, hired one of the defendants, Joseph Hess, as an employee; that under his contract of hire, it was agreed that in the event of disability to Hess, compensation should be paid to him under the laws of the State of Illinois.

4. That the Central Engineering Company, on the 26th day of February, A. D. 1938, and prior thereto, and since, as a general construction corporation, not only constructs dams and locks, but also hard roads and business blocks and buildings; that it did not, on the 26th day of February, A. D. 1938, prior thereto or since, own any steamboats or engage in the business of transporting for hire commodities of any kind or nature upon the Mississippi River, or any other navigable water, or nonnavigable water.

5. That in the construction of the dam in question, under the contract with the United States Government, the Central Engineering Company owned a barge; that said barge was not self-propelling; that the barge, at the time the defendant, Joseph Hess, the employee, received the injuries complained of, was located along a cofferdam; that the barge was fixed and immovable; that placed on top of the barge was a Whirley crane with a clam-shaped bucket attached thereto, which was used for the purpose of excavating and removing sand and gravel from within the cofferdam; that the sand and gravel, when removed, was placed immediately outside and adjacent to the cofferdam and into the Mississippi River.

6. That all building material, such as sand, gravel, iron and steel, used in connection with the construction of the dam and lock, was delivered by wholesale material companies, in which the plaintiff, Central Engineering Company, had no interest, at the site of the dam and lock, portions of it on the Illinois side, and portions of it on the Missouri side of the Mississippi River, suitable to the convenience of the construction company.

7. That the defendant, Joseph Hess, on the 29th day of May, A. D. 1939, sustained an injury, resulting in disability, while he was employed as a laborer on board the barge which was afloat on the Illinois side of the channel of the Mississippi River (Compensation Order, page 1, Exhibit H of complaint); that while standing on the barge, the clamshell attached to said Whirley crane which was loaded with sand, tripped, and the sand and material fell upon and against the said Joseph Hess, causing the injuries complained of.

8. That compensation, computed under the Illinois Workmen's Compensation Act, for temporary disability, was paid by the plaintiffs to Joseph V. Hess, and receipt given by him therefor; that compensation for permanent disability was agreed upon between the plaintiff, Bituminous Casualty Corporation, and the said Joseph Hess under a settlement Contract; that notwithstanding this fact, the defendant, Harry W. Bassett, Deputy Commissioner for the Tenth District, United States Employees Compensation Commission, assumed and exercised jurisdiction, and entered an order and award of compensation, Case No. 1940-1.

9. That one of the plaintiffs, the Bituminous Casualty Corporation, was at the time the defendant, Joseph Hess, received the injuries complained of, an insurance carrier for the Central Engineering Company, extending coverage to the said Central Engineering Company for compensation liability accruing to employees of the Central Engineering Company by reason of disability or death of any of said employees.

10. That on the 29th day of May, A. D. 1939, and for many years prior thereto, the State of Illinois had a Workmen's Compensation Act, Ill.Rev.Stat.1939, c. 48, § 138 et seq., entitled: "An Act to promote the general welfare of the people of this State by providing compensation for accidental injuries or death suffered in the course of employment within this State, and without this State where the contract of employment is made within this State; providing for the enforcement and administering thereof, and

a penalty for its violation, and repealing **an** act entitled, 'An act to promote the **general** welfare of the people of this State by providing compensation for accidental injuries or death suffered in the course of employment,' approved June 10, 1911; in force May 1, 1912 [as subsequently amended]."

Upon the findings of fact above set forth the court must determine

1. Was the Central Engineering Company, in the construction of the dam and lock in question, at the time that the employee, Joseph Hess, received the injuries complained of, engaged in maritime work, as that term is defined under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.?

■ Upon this question the court concludes that said Company was not engaged in maritime work and that such construction is borne out in the following cases: State Industrial Commission v. Nordenholt Corporation, 259 U.S. 263, 42 S.Ct. 473, 66 L.Ed. 933, 25 A.L.R. 1013; United States Casualty Co. v. Taylor, 4 Cir., 64 F.2d 521; New England Mut. Marine Ins. Co. v. Dunham, 11 Wall. 1, loc.cit. 31, 20 L.Ed. 90; Grant Smith-Porter Ship Co. v. Rohde, 257 U.S. 469, 42 S.Ct. 157, 66 L.Ed. 321, 25 A.L.R. 1008; Massman Const. Co. v. Harry W. Bassett, Deputy Commissioner, etc., of the United States Employee's Compensation Commission, et al., D.C., 30 F.Supp 813;

2nd. Was there, at the time the employee received the injuries complained of, a Workmen's Compensation Act validly provided by State law?

■ Upon this question the court finds and concludes that there was a Workmen's Compensation Act in the State of Illinois, and that because of this fact the employment was not maritime, and the Illinois Act was valid in this cause.

■ 3rd. Did the construction work being performed by the plaintiff, Central Engineering Company, being the employer, and the defendant, Joseph Hess, the employee, bear a direct relation to navigation and commerce, as those terms are defined by the Act in question?

Upon this question the court concludes that the construction work performed by the plaintiff corporation did not bear a direct relation to navigation and commerce as those terms are defined in the Act in question, but that the said construction work was local in its nature and only an aid to and indirectly affecting navigation and commerce.

From the above findings of fact and conclusions of law, the interlocutory injunction is hereby made final and permanent, and the said Harry W. Bassett, Deputy Commissioner for the Tenth District, United States Employees Compensation Commission, and Joseph Hess be and they are hereby enjoined and restrained from anywise attempting to enforce said compensation order heretofore entered by the said Harry W. Bassett, Deputy Commissioner, as aforesaid.