Willie BENNETT, Libelant,

v.

THE MORMACTEAL, her engines, tackle, apparel and furniture, and Moore-Mc-Cormack Lines, Inc., Respondents.

No. 20479.

United States District Court
E. D. New York.

April 2, 1957.

Vincent J. Longhi, New York City, William L. Standard, New York City, of counsel; Louis R. Harolds, New York City, on the brief, for libelant.

Kirlin, Campbell & Keating, New York City, Joseph M. Cunningham and Thomas F. Feeney, New York City, for respondent, Moore-McCormack Lines, Inc.

ABRUZZO, District Judge.

The libelant, a longshoreman employed by Moore-McCormack Lines, Inc., to do stevedoring work on the vessel Mormacteal owned by his employer, has filed a libel in rem against the vessel and in personam against the shipowner, his employer, alleging that he was injured on May 29, 1953, when a hatch cover gave way beneath him because of the unseaworthiness of the vessel, its appliances and appurtenances. Moore-McCormack Lines, Inc., was doing its own stevedoring work.

Moore-McCormack has filed exceptions and exceptive allegations to the libel and now moves to sustain these exceptions and exceptive allegations and to dismiss the libel.

The gravamen of Moore-McCormack's motion is that the libelant was subject exclusively to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., particularly Section 905, and having complied with the terms and its obligations under the Act by securing compensation for its employees as provided by the Act, it is immune from any liability excepting that contained in Section 905 which provides as follows:

"§ 905. *Exclusiveness of liability.* The liability of an employer prescribed in section 904 of this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representa-

tive, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. * * * Mar. 4, 1927, c. 509, § 5, 44 Stat. 1426."

This Court is being asked to determine whether a longshoreman injured on board a ship may maintain a libel in personam or in rem against the ship on the grounds of unseaworthiness where the vessel so libeled is owned by libelant's employer and the employer has secured the payment of compensation under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, supra.

The Circuit Court of Appeals for the Third Circuit, in the case of Smith v. The Mormacdale, 198 F.2d 849, in a long, well-reasoned opinion held that under circumstances similar to those in the instant case a libel could not be maintained because the Longshoremen's and Harbor Workers' Compensation Act was the exclusive remedy accorded to a longshoreman.

The Circuit Court of Appeals for the Fifth Circuit, in the case of Samuels v. Munson S. S. Line, 63 F.2d 861, where the facts were identical with the case at bar, also held that a libel could not be maintained.

Conzo v. Moore McCormack Lines, D. C.S.D.N.Y., 114 F.Supp. 956 followed the reasoning in the Smith and Samuels cases, supra.

In this Circuit, in Grillea v. United States, 229 F.2d 687, the Circuit Court of Appeals affirmed a judgment dismissing a libel filed by a longshoreman injured aboard a vessel. The Longshore-

men's and Harbor Workers' Compensation Act was not invoked. Upon a rehearing before the same judges, the dismissal of the libel was reversed, 2 Cir., 232 F.2d 919. The instant libelant contends that the second Grillea case supports his contention that he can libel the vessel. The facts in the Grillea case are somewhat different than in the present libel and that case is distinguishable from the Smith, Samuels and Conzo cases, supra.

Moore-McCormack, the respondent in the present action, was the charterer in the Grillea case; Moore-McCormack had chartered the ship from the United States Government. One of the conditions of the charter was that the United States Government, the owner of the vessel, was to be indemnified as owner out of possession and control against any lien arising out of the operation of the vessel by the charterer, Moore-McCormack. That factor affected the decision in the Grillea case and is borne out by the language in the opinion which reads as follows (232 F.2d at pages 923–924):

"That does not indeed answer the question whether a maritime lien can be imposed upon a ship for a claim on which no jural person is liable 'in personam.' Moreover, although in the case at bar the demisee was liable under the Longshoremen's and Harbor Workers' Act, § 901 et seq., Title 33, U.S.C.A., the liability was only for compensation —a claim different from that in suit, both in kind and amount. So far as we have found, this is a question that has never come up in the books, although, as *res integra,* we see no reason why a person's property should never be liable unless he or someone else is liable 'in personam.' That would amount to saying that there should be no limited liability without fault, although unlimited liability without fault is not infrequently imposed. *Be that as it may, a demisee who is under only a limited liability to his employee may make himself liable to the demi-*

*sor for full recovery in case the demisor is so liable to the employee. That will be true if the demisee has broken a contract with the demisor and the injuries to the employee measure the damages for the breach. In the case at bar the demisee had made such a contract, for the charter (Clause 27) contained the following promise: 'The Charterer shall indemnify the Owner against any lien \* \* \* arising out of the operation of the Vessels by the Charterer.' Therefore, even though one thought it unjust as between the two that the demisor should be liable for full damages when the demisee was not, this clause is an answer. \* \* \*"* (Italics supplied.)

It is apparent that the indemnity clause had some effect in the decision in favor of the libelant. The law as determined by the Third and Fifth Circuits in the Smith and Samuels cases, supra, is determinative of the instant case. Neither of these cases, nor the Conzo case, supra, was cited in the briefs on appeal in the Grillea case. The Circuit Court did not consider the specific point involved in this motion.

Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, holds that a shipowner's obligation of seaworthiness extends to a longshoreman injured while doing stevedoring work aboard a ship, but employed by an independent stevedore whom the shipowner has hired to load or unload the ship, and while working aboard a ship in navigable waters the longshoreman is comparable to some extent to a seaman because he is doing a seaman's work and incurring a seaman's hazard.

■ Notwithstanding that in the Sieracki case a longshoreman was held to have some of the rights of a seaman, the Court knows of no rule of law granting maintenance and cure to a longshoreman. He may not maintain an action under the Jones Act, 46 U.S.C.A. § 688 (Senko v. LaCrosse Dredging Corp., 352 U.S. 370, 77 S.Ct. 415, 1 L.Ed.2d 404), nor can a longshoreman sue in admiralty if he was injured on land although engaged in loading or unloading a vessel (State Industrial Comm. v. Nordenholt Corp., 259 U.S. 263, 42 S.Ct. 473, 66 L. Ed. 933). The Longshoremen's Act was enacted to provide compensation for a class of employees at work on a vessel in navigable waters who, although they might be classed as seamen, were still regarded as distinct from members of a "crew" (South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 261, 60 S.Ct. 544, 84 L.Ed. 732).

■ This libelant by his libel is seeking, it appears, to do by indirection what he could not do directly. The ship which was libeled, the owner, and the stevedore, Moore-McCormack, are one and the same entity. In the Grillea case, great stress was pointed to the written contract of indemnity in fixing the liability on the owner of the vessel for any liens incurred during its charter. That was one of the dominant reasons for holding the Grillea libel in rem was sustainable.

There are a tremendous number of longshoremen working for various corporations in this harbor and, where the owner of any steamship does its own stevedoring work, it should have the right to not only place a legal limit on its own liability but know to what extent it is responsible and liable to its longshoremen and thereby be in a position to add the cost of its liability to its cost of operation.

The Court finds that the exceptions to the libel must be sustained and the libel dismissed.