[Civ. No. 5871. First Appellate District, Division One.—April 18, 1928.]

MANUEL BALESTRERE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Robert D. Duke and Lawrence A. Cowen for Petitioner.

G. C. Faulkner for Respondents.

KNIGHT, J.—The petitioner seeks by this proceeding in *certiorari* to have reviewed and annulled an award made by the Industrial Accident Commission directing the payment of the sum of $630 to the father and mother of Antonio Prego, who was drowned in the harbor of Monterey while attempting to moor a lighter.

The following are the facts: Prego was employed as seaman and fisherman on a small vessel engaged in the business of catching fish in the waters of Monterey Bay and those adjacent thereto. On the day of the accident the vessel returned to Monterey with a load of sardines which it had discharged into the lighter. Prego and another man were in a skiff carrying a line from the lighter to the end of a cable anchored 50 or 100 feet from shore, to which the lighter was about to be fastened and the fish then hoisted in the bucket and conveyed by means of a trolley to the end of the pier for delivery to a cannery. Prego was rowing the skiff and the other man holding the line, and as

they neared the end of the cable a heavy sea capsized the skiff and Prego was drowned.

Petitioner contends that on account of the character of Prego's employment and the nature of the services he was performing at the time he was drowned any claim arising out of his death came exclusively within the admiralty jurisdiction of the federal courts and that consequently the attempted application of the provisions of the Workmen's Compensation Act (Stats. 1913, p. 279), was in violation of section 2 of article III of the federal constitution.

The supreme court of this state has had occasion recently, in two proceedings of this kind, to deal with the very questions here presented, wherein the decisions of the supreme court of the United States upon which petitioner herein relies as supporting his contentions were reviewed and summarized. In the first proceeding, *Alaska Packers Association* v. *Industrial Acc. Com.*, 200 Cal. 579 [253 Pac. 926], it was held that notwithstanding a contract of employment may be maritime in its nature, still as to certain local matters, regulation of which will work no material prejudice to the general maritime law, or interfere with the proper harmony or uniformity of that law in its international or interstate relations, the rules of the maritime law may be modified or supplemented by state regulation, and that when a compensation act supersedes other state laws touching a liability for damages which depended upon the common law and state statutes, it does not come into conflict with any superior maritime law. In the second proceeding, *London Guarantee & Accident Co.* v. *Industrial Acc. Com.*, 203 Cal. 12 [263 Pac. 196], an apprentice navigator employed by a company engaged in the business of operating a small fleet of fishing vessels from Santa Monica to the ocean fishing grounds, for the accommodation of the public seeking recreation in deep sea fishing, was drowned while on his way in a small boat from the pier to one of the larger boats which had gone adrift, for the purpose of returning her to her anchorage. After again reviewing the federal cases and restating the rule, it was held that inasmuch as the employment had no such direct relation to interstate or foreign commerce or navigation the Industrial Accident Commission was not deprived of jurisdiction to hear and determine the claim.

It will be observed that the facts of the latter case are almost identical with those of the present one, for here the evidence shows, in addition to the facts already set forth, that both employer and employee were residents of Monterey; that Prego's employment did not involve interstate or foreign commerce; and that neither the employment nor the vessel on which the decedent was employed had any connection with the carrier of interstate or foreign commerce; moreover, as stated, the accident occurred within the waters of this state and within 100 feet of shore. We are of the opinion, therefore, that under the authority of the recently adjudicated cases above cited and for the reasons therein given the claim for compensation arising out of Prego's death came properly within the scope of the Workmen's Compensation Act of this state.

The question of the dependency of Prego's parents was one of fact to be determined by the Commission, and there is sufficient evidence in the record to support its finding on such issue.

The award is affirmed.

Tyler, P. J., and Cashin, J., concurred.