**Vincent CALDARO, Libelant,**

v.

**FLOAT NO. 187, her engines, hull, tackle, cargo and her appurtenances thereof, Respondent.**

No. 20573.

United States District Court
E. D. New York.

Oct. 7, 1958.

Bigham, Englar, Jones & Houston, New York City, proctors for respondent.

Jacob Rassner, New York City, proctor for libelant.

RAYFIEL, District Judge.

The respondent has filed various exceptions to the libel herein.

The libel alleges that on the 11th day of August, 1952, the libelant was employed on the Float No. 187 "as a seaman in the capacity of a stowman" and was injured by reason of the unseaworthy condition of the vessel.

The respondent alleges, and the libelant admits, that a previous action in personam was commenced by him in this Court against his employer, the Baltimore and Ohio Railroad Company, the owner of the libeled vessel, to recover damages for the same injuries. The defendant in that action moved to dismiss the complaint on the ground that plaintiff was covered by the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., and that his exclusive remedy was under that statute.

Circuit Judge J. Edward Lumbard, in a decision dated June 14, 1956, a photostatic copy of which was submitted on the argument of the motion herein, held that the plaintiff's injury was within the coverage of the Longshoremen's and Harbor Workers' Compensation Act, and dismissed the complaint. (See Caldaro v. Baltimore and Ohio R. Co., D.C., 166 F.Supp. 833).

Judge Matthew T. Abruzzo, of this Court, had occasion to discuss at some length a situation almost identical to the one at bar, so far as the employer-employee relationship is concerned, in the case of Bennett v. The Mormacteal, D.C., 160 F.Supp. 840, affirmed, 2 Cir., 254 F.2d 138, wherein, in dismissing the libel,

he distinguished the case of Grillea v. United States, 2 Cir., 229 F.2d 687, upon which the libelant relies. The reasoning in that case is clearly applicable to the instant case, particularly since Judge Lumbard found in the previous action that the libelant's exclusive remedy was under the Longshoremen's and Harbor Workers' Compensation Act. Accordingly, the exceptions to the libel are sustained and the libel is dismissed.

Settle order on notice.